UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **GARRETT DANCER,**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**FCA US, LLC,**<br><br>　　　　　　　Defendant. | Case No. **1:22-cv-00698**<br><br>Complaint and Demand for Jury Trial |

## COMPLAINT

**GARRETT DANCER** ("Plaintiff"), by and through his attorney, **Kimmel & Silverman, P.C.**, alleges the following against **FCA US, LLC** ("Defendant"):

### INTRODUCTION

1.　Plaintiff's Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A., § 2301, *et. seq.*, breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, and Tex. Bus. & Com. Code §§ 2.313, 2.314.

### JURISDICTION AND VENUE

2.　This Court has federal question jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3.　This Court has personal jurisdiction over Defendant who conducts business in the State of Texas.

4.　Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff purchased the subject vehicle in Andrews County; a substantial part of the events giving rise to the

Plaintiff's claims occurred within this District; this District is where Defendant directs and controls warranty repairs on covered vehicles; Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## PARTIES

5. Plaintiff is an adult individual residing at 9409 Sedona Ave., Odessa, Tx. 79765.

6. Defendant FCA US, LLC is a corporation qualified to and regularly conducts business in the State of Texas, with a registered principal place of business located at 1000 Chrysler Drive, Auburn Hills, MI 48326. Defendant is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including Sewell Chevrolet Buick GMC ("Seller").

## FACTUAL ALLEGATIONS

7. On or about July 26, 2021, Plaintiff purchased a used 2018 Jeep Wrangler from Sewell Chevrolet Buick GMC located in Andrews, Texas bearing the vehicle Identification Number 1FTEW1E52JKF74605 (hereinafter the "vehicle"). A true and accurate copy of the Purchase Agreement is attached as Exhibit "A."

8. At all times relevant hereto, the subject vehicle was registered in the State of Texas.

9. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $58,484.08 *See* Exhibit "A".

10. In consideration for the purchase of said vehicle, Defendant issued to Plaintiff

several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

11. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the purchase of Defendant's product by Plaintiff.

12. Defendant issued an express written warranty as well as other guarantees, affirmations and undertakings as detailed in Defendant's warranty materials and owner's manual.

13. The vehicle has required repairs and they have been attempted by Defendant's authorized service facility, however they were largely, if not entirely, ineffective. As a result of these, the use, value and safety of the vehicle have been substantially impaired and unable to be utilized for its intended purposes.

14. The subject vehicle is continues to exhibit defects, conditions and non-conformities, specifically but not limited to the vehicle over heating, knocking engine that resulted in the replacement of the engine long block, A/C not working properly causing loud and distracting noises while driving. In connection with those substantial non-conformities, Plaintiff presented the vehicle for repair.

15. Plaintiff has delivered the vehicle to Defendant's authorized service and repair facility, Sewell Chevrolet Buick GMC ("Service Facility"), on September 22, 2021 – October 30, 2021 to remedy these concerns, which are covered by the warranty issued by Defendant. A true and accurate copy of these Repair Orders are attached as Exhibit "B".

- September 22, 2021 – October 30, 2021, 55,610 miles. The vehicle exhibited concerns involving the vehicle over heating, knocking engine that resulted in the replacement of the engine long block, A/C not working

properly causing loud and distracting noises while driving. The vehicle was out of service for thirty-eight (38) days in connection with this repair attempt.

16. The vehicle was and continues to be as of the date of filing, out of service for more than thirty-eight (38) days out of service.

17. Upon information and belief, the vehicle remains in a defective and/or unrelaible state and is substantially impaired.

18. The repetitive defects and non-conformities, the majority being repetitive, have caused Plaintiff to lose confidence in the vehicle and in Defendant's ability vis-à-vis its authorized service dealers, to repair the car as needed..

19. Plaintiff no longer feels safe driving the subject vehicle.

### FIRST CAUSE OF ACTION
### Breach of Warranty Pursuant to the Magnuson-Moss
### Warranty Improvement Act, 15 U.S.C. § 2301, *et seq*.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

22. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

23. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

24. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

25. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect,

malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

26. Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs ineffective.

27. Defendant has failed to remedy the defects and non-conformities within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the vehicle.

28. As a result of Defendant's conduct and/or failure to timely perform a proper repair, it does not meet the reasonable use and assurance of safety, quality and reliability promised by Defendant.

29. As a result of Defendant's inability to make the vehicle conform to the warranty standard, and refusing to reasonably to resolve his concerns informally, Plaintiff has been required to retain legal counsel to recover his damages.

30. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

   a. If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

31. Plaintiff has afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

32. As a direct and proximate result of Defendant's failure to comply with its express

written, implied warranties and obligations, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

33. Further as the written warranty was not provided to Plaintiff until after the vehicle was delivered, nullifying any and all limitations, disclaimers and/or alternative dispute provisions and making them ineffective for a failure of consideration.

34. Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, he is required to damages plus all attorney fees and costs. As such Plaintiff respectfully demands judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

**SECOND CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. and Tex. Bus. & Com. Code § 2.314**

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant is a merchant with respect to motor vehicles.

37. The vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and V.T.C.A., Bus. & C. § 2.314, running from the Defendant to the Plaintiff.

38. An implied warranty that the vehicle was merchantable arose by operation of law as part of the purchase of the vehicle.

39. Defendant has breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiff purchased it, or thereafter, and it is substantially unfit for the ordinary purposes for which such vehicles are used.

40. The persistent and unresolved defects are unreasonably dangerous and distracting, especially when issues described above occur while the vehicle is being driven. The clear risk of accident and/or injuries to driver, passengers, and others who share the road as a result of these constitute a breach of implied warranty by Defendant.

41. Plaintiff notified Defendant of these defects within a reasonable time after Plaintiff discovered them when he returned the vehicle for repairs.

42. As a result of Defendant's several incidences of breach, Plaintiff has suffered damages, including but not limited to incidental and consequential damages, plus attorney fees and costs to recover same.

### THIRD CAUSE OF ACTION
### Breach of Express Warranties
### Tex. Bus. & Com. Code § 2.313

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. In connection with the sale of the vehicle, Defendant provided the Plaintiff with a vehicle warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the brake system and its components.

45. Plaintiff relied on Defendant's warranties when he agreed to purchase the vehicle as a basis of the bargain.

46. Defendant failed to comply with the terms of the express written warranty provided to Plaintiff, by failing to fully repair the defects.

47. Plaintiff has given Defendant a reasonable number of opportunities to bring the

vehicle into compliance with the warranty obligations, but Defendant has been unable to do so within a reasonable time.

48. As a result of said nonconformities, Plaintiff cannot reasonably rely on the vehicle for ordinary purposes, which are safe, reliable and efficient transportation.

49. Plaintiff did not and could not have discovered said nonconformities with the vehicle prior to Plaintiff's acceptance of the vehicle.

50. Plaintiff would not have purchased the vehicle, had he known, that the vehicle contained the aforementioned defects.

51. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of his vehicle, and a diminution in the value of the vehicle with the defects identified herein.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff, **GARRETT DANCER,** respectfully prays for judgment as follows:

    a. An order approving revocation of acceptance of the subject vehicle;

    b. The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

    c. Incidental and consequential damages;

    d. For a trial by jury on all issues except the determination of reasonable attorney's fees and costs which are reserved for determination by the Court

        in the event that Plaintiff prevails at a trial on the merits and after all attorney time and effort has been completed;

e. For a determination by the jury of as much as treble actual damages, as specifically set forth in §17.50(h) "without regard to whether the conduct of the defendant was committed intentionally…"

f. Costs, including expert witness fees and reasonable attorney's fees; and

g. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **GARRETT DANCER**, demands a jury trial in this case.

Respectfully submitted,

Dated: July 14, 2022

By: *s/ Craig Thor Kimmel*
Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 267-468-7638
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com